584      *A. SHAW & SON, plaintiff in error, v. JOHN McK. GUNN, defendant in error.

(Atlanta, January Term, 1871.)

LIENS—NEW TRIALS—JUDGMENTS.—On the trial of a claim case, it appeared that eight bales of cotton had been levied on as the property of H., the defendant in execution, to satisfy a judgment obtained against him in favor of the plaintiff therein, dated the 12th of May, 1866, which cotton was claimed by A. Shaw & Son as their property, they having, as they alleged, purchased said cotton in pursuance of an agreement between them that the claimants should furnish provisions and supplies to enable the defendant in fi. fa. to make a crop for the year 1866. The claimants did not attempt to enforce any lien upon the cotton under the provisions of the Code, if, indeed, they could have done so in this case. The jury found the property subject, and a motion made for a new trial on several grounds, which was refused by the Court:

Held, That there was no error in the Court below in refusing to continue the case to enable the defendant to open the judgment on the statement of facts presented by the record, there being no affidavit showing such a statement of facts as would have authorized the judgment to have been opened.

CHARGE OF COURT—NEW TRIALS—EVIDENCE.—The Court charged the jury, "that, if they should believe from the evidence, that the claimants under their contract with Hendry, had the right to demand the eight bales of cotton, and that Hendry was bound to deliver the same to him, in that case they should find for the claimants":

Held, That the charge of the Court, in view of the facts of the case, was quite as favorable to the claimants as they had a right to demand, and the evidence being conflicting on some of the main points involved, there was no error in the Court below in refusing to grant the new trial upon any of the grounds stated therein—the rejection of the evidence was not sufficient, for had it been admitted, it could not have changed the result under the law applicable to the facts of the case.

Lien. Relief. Before Judge Harrell. Randolph Superior Court. May Term, 1870.

On the 12th of May, 1866, Gunn obtained a judgment against Alexander B. Hendry. The fi. fa. issued thereupon was levied upon eight bales of cotton, as the property of Hendry, in November, 1866, and A. Shaw & Son claimed the same. Subsequently, the fi. fa. was levied upon certain seed cotton, and Hendry filed his affidavit under the Relief Act to open and scale said judgment.

When the claim case was called for trial, claimants moved *to continue it till the matter of scaling the judgment should be tried. The motion was overruled.

Plaintiffs' counsel then read in evidence the fi. fa.; proved that said eight bales were part of the crop raised by Hendry in 1866, and were, at the date the levy, in the hands of Hendry's warehouseman, and closed. The claimants and Hendry then testified, that, in the Spring of 1866, Hendry, having land and laborers, was unable to carry on his farm, and verbally agreed with Shaw & Son that if they would furnish him and his laborers with sufficient supplies to carry on said farm, they should have the crop made, so far as necessary to repay them, and Hendry should have the excess, if any; that, pursuant to this arrangement, they furnished supplies, etc., amounting to $1,025 00; that Hendry made twenty-one bales of cotton that year, paid off his laborers, and, by consent of Shaw & Son, sold part of the crop to another person, to whom Hendry owed an account for supplies, at thirty cents per pound, and got all over his account in cash, and appropriated it to his own use; and that, after said levy, Hendry consented that they should take said eight bales at twenty-six cents per pound, in settlement of said account, and the account had been settled in that way.

They proposed to testify that the laborers were about to leave Hendry because of his inability to pay them, and that this was prevented only by Shaw & Son pledging themselves and their store to the laborers for their wages. But the Court ruled out this evidence. The Court charged the jury, that if they believed, from the evidence, that claimants, under their contract with Hendry, had the right to demand the eight bales of cotton, and that Hendry was bound to deliver the same to him, they should find for the claimants. The jury found the property subject to said judgment.

Claimants moved for a new trial, upon the grounds, that the Court erred in refusing the continuance and in rejecting said offered testimony, and because the verdict was contrary to said charge, against the law, and strongly and decidedly against the weight of the evidence. The Court refused a new trial and error is assigned on said grounds.

*E. H. Platt; B. S. Worrill, for plaintiffs in error, as to continuance, cited: Acts 1868, p. 149; 6th Ga. R., 515; 11th, 636. As to the verdict: 38th Ga. R., 116; Code, secs. 1877, 1880.

Hood & Kiddoo, for defendant.

WARNER, J.

In looking through the record in this case, and considering the errors assigned therein, we are of the opinion that the judgment of the Court below should be affirmed, and it is so ordered.

Judgment affirmed.